**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amy Y. Mundinger, Aaron Mundinger, | No. CV-10-2774-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Wells Fargo Bank, et al., | |
| Defendants. | |

The court has before it defendants Wells Fargo Bank and Deutsche Bank's motion to dismiss the first amended complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(4), and failure to serve, Fed. R. Civ. P. 4(m), (doc. 16), plaintiff's response (doc. 17), and defendants' reply (doc. 20). We also have before us defendants' motion to continue the May 13, 2011 scheduling conference (doc. 21).

Plaintiffs filed this action in state court on July 27, 2010, asserting claims of constructive fraud and fraudulent misrepresentation related to their home loan. On December 23, 2010, defendants removed the action to this court asserting diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs then filed an amended complaint seeking a declaratory judgment that would invalidate the trustee's sale of their property, and raising state law claims of unjust enrichment and estoppel.

In March 2006, plaintiffs purchased property located at 10255 South Del Rey Drive

1  in Yuma, Arizona, with a loan from M&T Mortgage Corporation for $360,000. The loan
2  was secured by a deed of trust that appointed Mortgage Electronic Registration Systems, Inc.
3  ("MERS") as the beneficiary and Old Republic Title Insurance Agency, Inc. as the trustee.
4  Plaintiffs allege that on September 1, 2006, defendant Wells Fargo, doing business as
5  America's Servicing Company ("ASC"), began servicing the loan. On March 9, 2009,
6  MERS filed a Notice of Substitution of Trustee, appointing First American Title Insurance
7  Company ("First American") as trustee. Amended Complaint, ex. A. This Notice incorrectly
8  listed ASC as the beneficiary, although the Notice was properly signed by MERS. Also on
9  March 9, 2009, First American filed a Notice of Trustee's Sale. This notice also incorrectly
10 listed ASC as the beneficiary. Id., ex. B. The sale was subsequently cancelled on June 3,
11 2010. Id., ex. E. On April 2, 2009, MERS assigned the beneficial rights under the deed of
12 trust to Deutsche Bank. Id., ex. C.

13 Some time in 2009, plaintiffs were conditionally approved for a loan modification
14 through ASC. They were instructed to begin making 3 trial-period payments in the reduced
15 amount of $1,756.79. Plaintiffs made these modified payments from October 2009 through
16 June 2010. ASC accepted and cashed each of the checks. Plaintiffs believed that their loan
17 had been permanently modified because ASC accepted modified payments beyond the 3-
18 month period. Response at 4. However, in May 2010, ASC sent plaintiffs a letter denying
19 their requested loan modification. In June 2010, ASC refunded all but 3 of the modified
20 payments and on June 3, 2010, First American filed a second Notice of Trustee's Sale.
21 Amended Complaint, ex. D. MERS was incorrectly named as the beneficiary in this second
22 Notice of Trustee's Sale, despite the fact that the beneficial interest had been transferred to
23 Deutsche Bank on April 2, 2009. Id., ex. C. The trustee's sale was eventually held on
24 October 7, 2010, and Deutsche Bank acquired the property by credit bid. On December 2,
25 2010, Deutsche Bank filed a forcible detainer complaint in state court seeking to evict
26 plaintiffs from the property. That action is currently pending.

27 Relying on the errors contained in the various recorded documents, plaintiffs seek a
28 declaratory judgment that would void the trustee's sale to Deutsche Bank, declare the Trust

1 Deed void, and re-vest title in the property to plaintiffs.

2 Plaintiffs first argue that the March 9, 2009 Notice of Substitution of Trustee, appointing First American as trustee, is invalid because the document listed ASC as the beneficiary, although it is signed by MERS. Defendants respond that this is nothing more than a typographical error and that MERS was the true beneficiary with authority to appoint a substitute trustee. There is no allegation that MERS had transferred its beneficial interest in the deed of trust prior to filing the Notice of Substitution of Trustee. We agree that the error in naming the beneficiary in the Notice did not alter MERS' authority under the deed of trust to name a substitute trustee.

Again referencing the error in the Notice of Substitution of Trustee, plaintiffs next argue that MERS had no authority to assign a beneficial interest in the deed of trust to Deutsche Bank on April 2, 2009, and therefore Deutsche Bank was not in a position to place a credit bid at the trustee's sale. But, again, the error in the Notice of Substitution of Trustee did not transfer beneficiary rights to ASC. That interest remained with MERS, who in turn had authority to assign that interest to Deutsche Bank.

Finally, plaintiffs challenge the June 3, 2010 Notice of Trustee's Sale, and thus the sale itself, because the Notice incorrectly lists MERS, rather than Deutsche Bank, as the beneficiary. But an error in the description of the beneficiary will not invalidate an otherwise compliant Notice and sale. See A.R.S. § 33-808(E).

Although several of the recorded documents contained errors, none of the errors operated to invalidate the trustee's sale to Deutsche Bank on October 7, 2010. Plaintiffs' claim for declaratory judgment is dismissed for failure to state a claim.

For the same reason, plaintiffs' claim for unjust enrichment fails. Plaintiffs assert that Deutsche Bank was unjustly enriched by the trustee's sale because it had no beneficial interest in the property. The documents verify, however, that MERS effectively transferred its beneficial interest to Deutsche Bank on April 2, 2009. Amended Complaint, ex. C. The error in naming the beneficiary in the June 3, 2010 Notice of Sale did not legally alter Deutsche Bank's beneficial interest.

1    We also reject plaintiffs' argument that because Deutsche Bank was not the holder of
2 the promissory note at the time of the trustee's sale, it had no right to foreclose upon the
3 property. This argument, and variations of it, have been consistently rejected by courts in
4 this District. See, e.g., Diessner v. MERS, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009).
5 Plaintiffs have failed to cite any Arizona authority that requires a showing that the
6 beneficiary of a deed of trust is also the holder of the note. Plaintiffs' claim for unjust
7 enrichment is dismissed for failure to state a claim.

8    Finally, plaintiffs assert a claim for estoppel, arguing that based on their compliance
9 with the terms of the trial loan modification plan, and Well Fargo's continued acceptance of
10 their modified payments after the trial period ended, they believed that their loan had been
11 permanently modified.

12    Estoppel applies if (1) the party to be estopped intentionally or negligently induces
13 another to believe certain material facts, (2) the induced party takes action in reliance on its
14 reasonable belief of those facts, and (3) the induced party is injured by that reliance. Darner
15 Motor Sales, Inc. v. Universal Underwriters Ins. Co., 140 Ariz. 383, 394, 682 P.2d 388, 400
16 (1984).

17    Even if plaintiffs have sufficiently pled that Wells Fargo either intentionally or
18 negligently induced them to believe that their loan was permanently modified, or that it was
19 reasonable for them to believe that their loan had been permanently modified without notice
20 from Wells Fargo, they have not pled facts supporting reliance. Plaintiffs allege that "they
21 reasonably believed that the Property was no longer subject to foreclosure based on the loan
22 modification they believed was in place, and they took no further steps to avoid foreclosure
23 as they believed it was not necessary." Amended Complaint ¶ 59. But plaintiffs also admit
24 that Wells Fargo expressly denied their loan modification and returned the modified
25 payments as early as May, 2010. Id. ¶¶ 31, 32. The trustee's sale did not occur until October
26 2010, some five months later. Moreover, plaintiffs filed this action in state court opposing
27 the trustee's sale on July 27, 2010. Rather than being induced into complacency, plaintiffs
28 took steps to avoid foreclosure. We conclude that plaintiffs have failed to state a claim of

- 4 -

1 estoppel.

2 Defendants have alternatively pled that the complaint should be dismissed for lack of
3 service. It is undisputed that defendants have not been served. They did not waive their right
4 to challenge service either by removing the case or by filing this motion to dismiss. See 28
5 U.S.C. § 1448 (providing for service after removal if not accomplished before removal); Fed.
6 R. Civ. P. 12(b) ("No defense or objection is waived by joining it with one or more other
7 defenses or objections in a responsive pleading or motion."). While Rule 4(m), Fed. R. Civ.,
8 would be an alternative basis upon which to dismiss this amended complaint, we need not
9 rely on it because no claims are stated.

10 **IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 16). Because
11 we conclude that no amendment could remedy these claims, we dismiss the complaint with
12 prejudice. **IT IS ALSO ORDERED DENYING** defendants' motion to continue the May
13 13, 2011 as moot (doc. 21). The scheduling conference is vacated and the clerk shall enter
14 final judgment.

15 DATED this 22nd day of April, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge