**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amy Y. Mundinger, Aaron Mundinger, | No. CV-10-2774-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Wells Fargo Bank, et al., | |
| Defendants. | |

The court has before it defendants' motion for attorney's fees (doc. 24) and memorandum in support (doc. 30), plaintiffs' response (doc. 33), and defendants' reply (doc. 34).

On April 25, 2011, we granted defendants' motion to dismiss and dismissed the first amended complaint with prejudice. Defendants' now seek an award of attorney's fees in the amount of $18,411.40, pursuant to A.R.S. § 12-341.01(A), which authorizes a court to award reasonable attorney's fees to the "successful party" in a contested action arising out of contract.

We agree with defendants that this action "arose out of a contract," and therefore falls within A.R.S. § 12-341.01. An action need not involve a breach of contract claim in order to be eligible for fees under § 12-341.01. Instead, a prevailing party is eligible for fees if the action involves the "rights, obligations, validity, enforceability and priority of rights arising

out of contract." <u>Deutsche Credit Corp. v. Case Power & Equip. Co.</u>, 179 Ariz. 155, 164, 876 P.2d 1190, 1199 (Ct. App. 1994). Plaintiffs filed claims based upon their belief that the promissory note was modified, and challenging defendants' authority under the deed of trust to notice and conduct a trustee's sale. Underlying each of these claims are the rights and obligations of the parties under the promissory note and the deed of trust. As such, these claims have "arisen out of contract" for purposes of § 12-341.01.

A court has wide discretion is deciding whether to award fees under § 12-341.01. The award of fees "should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense." <u>Id.</u> § 12-341.01(B). "It need not equal or relate to the attorney fees actually paid or contracted." <u>Id.</u> In deciding whether to award fees we consider factors such as (1) whether the unsuccessful party's claims were meritorious; (2) whether the litigation could have been avoided or settled; (3) whether assessing fees would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) whether the legal question was novel; and (6) whether an award would discourage other parties with tenable claims from litigating them. <u>Associated Indem. Corp. v. Warner</u>, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985).

After considering each of the <u>Warner</u> factors, we conclude that an award of fees in this case is appropriate. Plaintiffs' claims, though perhaps colorable, were not entirely meritorious. Given the parties' diverse positions, settlement was not possible. The legal questions presented, involving Arizona's deed of trust statute, and issues of unjust enrichment and promissory estoppel, were not novel. Defendants prevailed on every claim and an award of fees would not discourage other parties from filing meritorious actions. Given that plaintiffs defaulted on their mortgage loan, it is reasonable to presume that a hardship is likely. This factor alone weighs in plaintiffs' favor.

Defendants request $18,411.40 in fees, in this simple matter that was resolved on a motion to dismiss. Defendants employed two lawyers, with hourly rates ranging from $400 to $225 an hour—with those fees in the higher range exceeding prevailing Phoenix rates for this type of case. They expended 17.5 hours on their second motion to dismiss and 23.5

1  hours on their reply, and a total of more than 59 hours defending against claims that they

2  themselves described as "routinely dismissed" by courts in this District and elsewhere (doc.

3  6 at 1). We think 15 hours at $250.00 per hour would be sufficient to get a non-meritorious

4  and routine complaint dismissed. We then discount that by plaintiffs' presumed hardship to

5  yield $1,500.00

6       Therefore, **IT IS ORDERED GRANTING** defendants' motion for an award of

7  attorney's fees (doc. 24), and awarding defendants $1,500 in fees.

8       DATED this 11th day of August, 2011.

10  _Frederick J. Martone_

Frederick J. Martone
United States District Judge